ANDREW, J.T.C.
This is a state tax action in which plaintiff Robert Gordon seeks to set aside an assessment made against him pursuant to the New Jersey Gross Income Tax Act, N.J.S.A. 54A:1-1 et seq., (the act) by defendant Director of the Division of Taxation for the tax year 1977.
Pursuant to R. 4:46, defendant moves for summary judgment. By letter dated June 24, 1983, plaintiff informed the court that he believed the papers submitted by defendant in connection with the motion fairly present the facts of the case, and he therefore requested that the motion be decided on the papers. Defendant has no objection to this request. The facts of the matter as presented by defendant, and as shown in exhibits submitted by defendant, are as follows.
Plaintiff and his wife[1] reported a taxable income of $47,-888.89 for 1977. They had a tax liability of $1,097.22 from which they deducted $39.86 as a credit for taxes paid to other jurisdictions, and $200 for estimated tax payments. The return was *633 timely filed, and included a payment for the balance of the tax due, $857.36.
Subsequently, plaintiff and his wife were sent a check dated March 16, 1979 in the amount of $153.73. A photocopy of the cancelled check reveals that the words “1977 Income Tax Return” and “Refund Includes Interest of $3.73” appeared on the face of the check. Plaintiff has never indicated that the endorsement on the check was not his, nor that he did not receive payment of the check.
Defendant states that notices of deficiency were sent to plaintiff indicating that the refund was erroneous, and several letters were exchanged between plaintiff and the Division of Taxation. No copies of these notices were submitted in connection with this motion, but there is included in the exhibits a copy of plaintiffs letter dated March 24, 1980, to the Division questioning a Notice of Adjustment for the tax year 1977, showing an underpayment of $150.
By letter dated September 30, 1980, plaintiff was informed that he had been issued, in error, a refund on his 1977 tax in the amount of $153.73, including interest of $3.73. The letter requested repayment of $150[2] which was to be remitted within ten days to avoid additional penalty and interest charges.
Plaintiff failed to respond to this notice, and was sent another notice of adjustment showing a balance of $150. Plaintiff received this notice on April 16,1981, and returned it, unpaid, to the Division of Taxation on May 1, 1981.
On March 24, 1982, the Division of Taxation again notified plaintiff of the $150 deficiency, and also indicated that a penalty of $7.50 and interest in the amount of $52.88 had been assessed. Plaintiff was advised to submit the total amount due, $210.38, within ten days to avoid additional penalty and interest charges. The notice further stated that the Division’s determination *634 would be final unless plaintiff applied for a hearing with defendant within ninety days.
By letter dated April 29, 1982, plaintiff requested a hearing, which was scheduled for September 29, 1982. Plaintiff informed the Division that he would be unable to appear on that date, and the hearing was rescheduled and held on October 26, 1982. Plaintiff did not appear. A final determination was issued on November 8,1982, for the $150 erroneous refund, $7.50 penalty, and $60.79 interest. Defendant has since withdrawn the claim for penalty and interest.[3]
Plaintiffs complaint was timely filed, contesting the claim on the following grounds: (1) the statute of limitations for the tax year 1977 has expired; (2) defendant has failed to make a valid claim in that he has not sufficiently informed plaintiff as to why he owes $150, and has failed to allege that plaintiff erred in filing his 1977 income tax return, or that plaintiff failed to pay the tax due within the prescribed time period.
Defendant concedes that plaintiff’s 1977 tax return was accurate but contends that he is entitled to assess a deficiency caused by an erroneous refund. He also asserts that the assessment against plaintiff was timely made, and that he is therefore entitled to summary judgment in this matter.
N.J.S.A. 54A:9-2(a) provides in relevant part:
If upon examination of a taxpayer’s return under this act the director determines that there is a deficiency of income tax, he may mail a notice of deficiency to the taxpayer.
“Deficiency” is defined by N.J.S.A. 54A:9-2(g) as:
... the amount of the tax imposed by this act, less (i) the amount snown as the tax upon the taxpayer’s return (whether the return was made or the tax computed by him or by the director), and less (ii) the amounts previously assessed (or collected without assessment) as a deficiency and plus (iii) the *635 amount of any rebates. For the purpose of this definition, the tax imposed by this act and the tax shown on the return shall both be determined without regard to payments on account of estimated tax or the credit for withholding tax; and a rebate means so much of an abatement, credit, refund or other repayment (whether or not erroneous) made on the gound [sic] that the amounts entering into the definition of a deficiency showed a balance in favor of the taxpayer.
By the terms of this definition, the erroneous refund sent to plaintiff is a “deficiency.” The act does not require that defendant allege an error on plaintiff’s part before a notice of deficiency is sent. The act contemplates that defendant may recover money even when the mistake is defendant’s and not the taxpayer’s, by providing in N.J.S.A. 54A:9-4(c)(4) that:
... An erroneous refund shall be considered an underpayment of a tax on the date made, and an assessment of a deficiency arising out of an erroneous refund may be made at any time within 3 years from the making of the refund, except that the assessment may be made within 5 years from the making of the refund if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact.
Further, plaintiff was advised on several occasions that the deficiency arose out of a refund issued in error, and was given an opportunity to appear at a hearing which he failed to attend. Plaintiff has never claimed that he was entitled to a refund for his 1977 taxes, and he has never suggested that he did not receive payment for the erroneous refund check. In short, plaintiff’s allegation that defendant has failed to make a valid claim is without merit.
Defendant was required by N.J.S.A. 54A:9-4(c)(4) to make an assessment of a deficiency within three years from March 16, 1979, the date of the erroneous refund.
N.J.S.A. 54A:9-2(b) states that a notice of deficiency becomes an assessment of the tax 90 days after the mailing of the notice, except for any amounts as to which the taxpayer has within the 90 day period filed a petition with defendant pursuant to N.J.S.A. 54A:9-9. Similarly, N.J.S.A. 54A:9-3(a) provides:
... If a notice of deficiency has been mailed, the amount of the deficiency shall be deemed to be assessed on the date specified in subsection (b) of section 54A-.9-2 if no petition to the director is filed, or if a petition is filed, then upon the date when a decision of the director establishing the amount of the deficiency becomes final.
*636 Defendant contends that the September 30, 1980 letter to plaintiff constituted a notice of deficiency. He notes that he next heard from plaintiff on May 1, 1981, and argues that by that time, the September 30, 1980 notice had become an assessment pursuant to N.J.S.A. 54A:9-2(b). He regards all subsequent correspondence “merely as an attempt by plaintiff to have the Director reconsider his decision.”
An examination of the statute does not disclose what form a notice of deficiency must take. N.J.S.A. 54A:9-9 does direct that the form of a petition to the director shall be governed by such rules as the director shall prescribe. Defendant has apparently declined to promulgate any regulations regarding notices of deficiency or taxpayers’ petitions. Perhaps, if defendant had adopted appropriate regulations this litigation could have been obviated.
The letter of September 30, 1980 appears sufficient to constitute a notice of deficiency, particularly in light of the fact that defendant later afforded plaintiff the opportunity for a hearing. Defendant’s letter of March 24,1982 specifically advising plaintiff of his right to apply for a hearing, is obviously a more desirable form for a notice of deficiency.
Defendant’s assertion that the September 30, 1980 notice became an assessment after 90 days because of plaintiff’s failure to respond does not appear to be correct based on defendant’s own uncontested statement of facts, which recite that notices of deficiency were sent to plaintiff prior to the September 30, 1980 notice. Plaintiff’s letter of March 24,1980, apparently responding to these early notices, could fairly be considered a petition to the director, thereby effectively preventing the notice from becoming an assessment of the tax. N.J.S.A. 54A:9-2(b), -(c), 9-3.
Under either set of facts, defendant’s actions were taken within the period of limitations set forth in N.J.S.A. 54A:9-4(c)(4). If, as defendant contends, the September 30 letter is regarded as the notice of deficiency, the assessment was made 90 days after the mailing of the notice since there is no evidence that plaintiff petitioned defendant during that period. *637 The assessment was then made within three years of March 16, 1979. If, on the other hand, the notice of deficiency was sent sometime earlier, followed by plaintiff’s petition to defendant dated March 24, 1980, no assessment was made. N.J.S.A. 54A:9-2(b), -(c). The running of the period of limitations, however, is suspended during the period of administrative and judicial review. N.J.S.A. 54A:9-4(e). Consequently, the three year period of limitations was suspended on March 24,1980, and remains suspended until such time as a final judicial decision is rendered in this action. N.J.S.A. 54A:9-2(c) and 9 — 10(d). Accordingly, plaintiff’s claim that the period of limitations for the collection of the erroneous refund has expired must fail.
Since there are no issues of material fact in this matter, summary judgment is appropriate. R. 4:46, Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 73-75, 110 A.2d 24 (1954).
Based on the foregoing, defendant is entitled to summary judgment as a matter of law and his motion is hereby granted. The Clerk of the Tax Court is directed to enter judgment affirming defendant’s determination only as to the amount of $153.73, i.e., the total amount erroneously sent to plaintiff as a refund of $150.00 with interest of $3.73.

Copies of correspondence submitted in connection with this motion indicate that plaintiff and his wife were divorced during the pendency of this matter. Plaintiff brought the action in his name alone, and the issue of the liability of the former wife for the money sought is not before the court.

Defendant apparently has never sought repayment of the $3.73.

Apparently, defendant has been unable to locate any authority which would permit defendant’s claim for interest and/or penalty under the circumstances of this proceeding. This court is not aware of any such legal authority in the absence of fraud or misrepresentation. See N.J.S.A. 54A:9-5(k); 9-6(e). Therefore, defendant’s determination must be limited to $153.73, the original amount defendant alleges was sent in error to plaintiff.